## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

ADRIANNE N. HEARST, a minor, )
by her Next Friend, LINDA G. HEARST; )
CHIMAIRA E. FARGO, a minor, )
by her Next Friend, LINDA G. HEARST; )
ROBERT W. HEARST, VI, a minor, by his )
Next Friend, LINDA G. HEARST; and )
LINDA G. HEARST, Administratrix of )
the ESTATE OF ROBERT W. )
HEARST, V., DECEASED )
)
    Plaintiffs, )  **CIVIL ACTION NO.**
)
  vs. )
)
BRADLEY MASON; JOHN DOE )
NO. 1 of the McKean County Prison; )
JOHN DOE NO. 2 of the McKean )
County Prison; JOHN DOE NO. 3 of the )
McKean County Prison; JOHN DOE NO. 4 )
of the McKean County Prison; and )  **JURY TRIAL DEMANDED**
COUNTY OF McKEAN, )
)
    Defendants. )

## PARTIES

1. ADRIANNE N. HEARST, minor Plaintiff herein, by her Next Friend, LINDA G.

HEARST, is a resident of McKean County, Pennsylvania, and is the two year old daughter of

Robert W. Hearst, V, Decedent herein.

2. CHIMAIRA E. FARGO, minor Plaintiff herein, by her Next Friend, LINDA G.

HEARST, is a resident of McKean County, Pennsylvania, and is the three year old daughter of

Robert W. Hearst, V, Decedent herein.

3.     ROBERT W. HEARST, VI, minor Plaintiff herein, by her Next Friend, LINDA G. HEAST, is a resident of McKean County, Pennsylvania, and is the two year old son of Robert W. Hearst, V, Decedent herein.

4.     LINDA G. HEARST, Plaintiff herein, is a resident of McKean County, Pennsylvania, and was duly appointed Administratrix of the Estate of Robert W. Hearst, V, Deceased, hereinafter referred to as Decedent, by the Register of Wills of McKean County, Pennsylvania, on June 30, 2011.

5.     BRADLEY MASON, Defendant herein, is a resident of McKean County, Pennsylvania, and at all times relevant to the matters set forth in this Complaint was employed by the County of McKean, Pennsylvania, as Warden of the McKean County Prison. Said Defendant also served as Sheriff of the County of McKean, Pennsylvania.

6.     JOHN DOE NO. 1, Defendant herein, whose name is presently unknown to Plaintiffs, is believed to be a correctional officer, guard or other employee of the County of McKean, Pennsylvania, working in the McKean County Prison at or about the time of Decedent's death. Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

7.     JOHN DOE NO. 2, Defendant herein, whose name is presently unknown to Plaintiffs, is believed to be a correctional officer, guard or other employee of the County of McKean, Pennsylvania, working in the McKean County Prison at or about the time of Decedent's death. Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

8.     JOHN DOE NO. 3, Defendant herein, whose name is presently unknown to Plaintiffs, is believed to be a correctional officer, guard or other employee of the County of

McKean, Pennsylvania, working in the McKean County Prison at or about the time of Decedent's death. Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

9.      JOHN DOE NO. 4, Defendant herein, whose name is presently unknown to Plaintiffs, is believed to be the supervisor overseeing John Doe No. 1, John Doe No. 2 and John Doe No. 3, and who directed and/or supervised personnel in the McKean County Prison at or about the time of Decedent's death. Plaintiff will seek leave to amend the caption of this case and this Complaint in order to insert this information and additional information upon ascertaining it.

10.     COUNTY OF McKEAN, PENNSYLVANIA, Defendant herein, is a governmental entity existing under the laws of, and located within, the Commonwealth of Pennsylvania. The County of McKean is authorized to and does maintain a correctional facility known as the McKean County Prison. At all times relevant to the matters set forth in this Complaint, said Defendant was the employer of the other Defendants and was acting by and through its employees

## JURISDICTION

11.     This action is brought pursuant to 42 U.S.C. §1983 and the First, Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

12.     This Court has personal jurisdiction over Defendants, all of whom are located in the Western District of Pennsylvania.

## FACTS

13.     At all times relevant to the matters set forth in this Complaint, Defendants were acting under color of law pursuant to the authority and grants of power under the United States Constitution and the Constitution of and statutes of the Commonwealth of Pennsylvania. Further, at all times relevant to the matters set forth in this Complaint, individual Defendants were acting within the scope of their employment by Defendant County of McKean.

14.     At all times relevant to the matters set forth in this Complaint, individual Defendants were acting jointly and in conspiracy, one with the other, and each of the actions of the other caused each said individual Defendant to be the agent, servant and employee of the other.

15.     At all times relevant to the matters set forth in this Complaint, Decedent was incarcerated in the McKean County Prison.

16.     At all times relevant to the matters set forth in this Complaint, Defendants Bradley Mason and John Doe No. 4 were responsible for and/or had the authority to establish, implement, supervise, monitor or enforce policies and procedures and/or train others with regard to the operation of the McKean County Prison, including policies and procedures with regard to the housing of inmates, the protection of inmates and the prevention of suicides by inmates.

17.     This action is brought by Plaintiffs against the individual Defendants in their individual capacities.

18.     On or about September 11, 2009, Decedent was committed to the McKean County Prison as a result of his arrest on criminal charges of Aggravated Assault, Simple Assault, Harassment, Robbery and Theft by Unlawful Taking.

19.     Although bail was set, Decedent was unable to post bail and therefore remained incarcerated in the McKean County Prison until the time of his death on December 9, 2009.

20.     Throughout his incarceration, Decedent was known by Defendants to have a history of depression, to be experiencing extreme stress, to have expressed suicidal ideation, to have adverse reactions to his medications and to be considered a danger to himself and unable to care for himself.

21.     Defendants isolated Decedent from other inmates and detained him in solitary confinement.

22.     Defendants were aware that Decedent was a patient of The Guidance Center, a mental health facility, and that Decedent was on medication for his depression.

23.     Indeed, on November 9, 2009, during Decedent's incarceration, he was transported by Defendants to The Guidance Center for examination and psychiatric treatment, at which time Decedent was found to be moderately dysphoric, depressed, and experiencing an increase in muscle tension.  Psychotropic medications were prescribed and a follow-up appointment was scheduled for February 1, 2010.

24.     Defendants were aware that Decedent, during his incarceration, had requested and was receiving counseling and/or therapy by a representative or employee of the McKean County Prison for his mental health conditions.

25.     Defendants were aware that Decedent suffered hallucinations likely due to his medications.

26.     On or about December 7, 2009, Decedent disclosed to and discussed his hallucinations, depression and other mental health symptoms with a McKean County Prison guard.

27.    On December 7, 2009, Decedent tied a noose and displayed a suicide attempt. Defendants failed to respond in any way to said conduct.

28.    Defendants were aware that Decedent was notified on or about December 8, 2009 that his wife intended to pursue previously filed divorce proceedings and that Decedent was despondent over certain claims in said proceedings.

29.    In spite of the aforesaid knowledge and information received, Defendants deliberately took no action to protect Decedent from the grave danger of suicide which was known in advance.

30.    Defendants failed to remove any potential suicide apparatus from Decedent's possession and/or cell.

31.    Several days before Decedent's death, Defendants moved Decedent from a single bunk cell to a double bunk cell where he then had access to structures on the top bunk from which he could hang himself.

32.    Decedent was in need of frequent observations but Defendants failed to initiate a suicide watch or to otherwise observe Decedent at frequent, regular intervals.

33.    At approximately 5:08 a.m. on December 9, 2009, Decedent was found to be hanging from the top bunk in his cell by a bed sheet.

34.    It is averred that no attempt was made to administer cardiopulmonary resuscitation (CPR) or otherwise revive Decedent.

35.    The McKean County Coroner concluded that Decedent's death was the result of asphyxiation due to hanging, and the manner of death was ruled suicide.

36.    The McKean County Coroner found that Decedent was seen alive by prison guards at 1:30 a.m. on December 9, 2009.

37.     It is averred that Defendants failed to monitor, check on or otherwise observe Decedent from at least 1:30 a.m. to 5:08 a.m. on December 9, 2009, and this failure demonstrated conscious indifference to Decedent's serious medical and psychiatric needs which were well-documented and well-known to Defendants.

38.     Defendants had a duty to provide care and protection to Decedent while he was in custody and incarcerated in the McKean County Prison.

39.     Defendants were on notice of Decedent's suicidal tendencies and of the substantial risk that Decedent would attempt suicide.

40.     Defendants were deliberately and/or recklessly indifferent to Decedent's vulnerability to suicide.

41.     Individual Defendants acted jointly, one with the other, in a conspiracy to cover-up the circumstances of Decedent's death in an attempt to deprive Plaintiffs of their right of access to the courts for adequate, effective and meaningful relief.

## FIRST COUNT

## ADRIANNE N. HEARST, A MINOR, BY HER NEXT FRIEND,
## LINDA G. HEARST, PLAINTIFF
## VS.
## BRADLEY MASON; JOHN DOE NO. 1 OF THE McKEAN COUNTY PRISON;
## JOHN DOE NO. 2 OF THE McKEAN COUNTY PRISON; JOHN DOE NO. 3 OF THE
## McKEAN COUNTY PRISON; AND JOHN DOE NO. 4 OF THE McKEAN COUNTY
## PRISON, DEFENDANTS
### (§1983 Constitutional Claim - Individual Liability)

42.    Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 41 of this Complaint.

43.    Minor Plaintiff Adrianne N. Hearst is the daughter of Decedent, having been born on February 10, 2009.

44.    Minor Plaintiff and Decedent had a close and loving relationship.

45.    During his incarceration, Decedent had requested contact visits with minor Plaintiff and his other children but said request was refused by Defendants.

46.    As a result of the conduct of Defendants as described aforesaid, minor Plaintiff's father died on December 9, 2009, in the McKean County Prison.

47.    As a result of the conduct of Defendants as described aforesaid, the parental relationship between minor Plaintiff and Decedent has been extinguished.

48.    Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 deprived minor Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

49.    Said rights, privileges and immunities include:

-8-

     (a)    the right to familial companionship and association with her father;

     (b)    the right to familial guidance and support from her father;

     (c)    the right to due process of law; and

     (d)    the right to be free from a conspiracy to violate civil rights, including access to the courts.

50.    The conduct of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 violated clearly established substantive constitutional and statutory rights of minor Plaintiff, which rights a reasonable person would have known.

51.    As a foreseeable and direct result of the actions of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 as described aforesaid, Plaintiff suffered injuries including the total destruction of her parental relationship with her father; the loss of society, companionship, guidance and support of her father; and other emotional trauma and suffering. Plaintiff suffered the violation of her constitutional rights as described in Paragraph 49 above.

52.    All of the above actions by Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 were arbitrary, capricious, irrational, reckless, wanton, malicious, without justification and outrageous, and they reflected a conscious and deliberate indifference to the rights of minor Plaintiff. Said actions shock the conscience.

WHEREFORE, by reason of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 for compensatory and punitive damages, together with the costs and disbursements of

this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## SECOND COUNT

### ADRIANNE N. HEARST, A MINOR, BY HER NEXT FRIEND, LINDA G. HEARST, PLAINTIFF VS. BRADLEY MASON AND JOHN DOE NO. 4 OF THE McKEAN COUNTY PRISON, DEFENDANTS
#### (§1983 Constitutional Claim - Supervisory Liability)

53.     Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 52 of this Complaint.

54.     At all times relevant to the matters set forth in this Complaint, Defendants Bradley Mason and John Doe No. 4 had authority over McKean County Prison personnel, including John Doe No. 1, John Doe No. 2 and John Doe No. 3, were aware of the actions of John Doe No. 1, John Doe No. 2 and John Doe No. 3 as described aforesaid, acquiesced in said actions, ratified said actions and/or were deliberately indifferent to the unconstitutional conduct of said other individual Defendants, and failed to intervene to prevent the occurrence of the unconstitutional actions described aforesaid.

55.     Defendants Bradley Mason and John Doe No. 4 deprived minor Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

56.     Said rights, privileges and immunities include:

(a)     the right to familial companionship and association with her father;

(b)     the right to familial guidance and support from her father;

-10-

(c)     the right to due process of law; and

(d)     the right to be free from a conspiracy to violate civil rights, including access to the courts.

57.     The actions of Defendants Bradley Mason and John Doe No. 4 as described above were a moving force behind the violations of minor Plaintiff's constitutional rights as described above.

58.     By reason of the conduct of Defendants Bradley Mason and John Doe No. 4, Plaintiff is entitled to damages for the violation of her constitutional rights and for the injuries and damages more particularly described in Paragraph 51 above.

WHEREFORE, by reason of Defendants Bradley Mason and John Doe No. 4's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason and John Doe No. 4 for compensatory and punitive damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## THIRD COUNT

### ADRIANNE N. HEARST, A MINOR, BY HER NEXT FRIEND, LINDA G. HEARST, PLAINTIFF
### VS.
### BRADLEY MASON AND COUNTY OF McKEAN, DEFENDANTS
#### (§1983 Constitutional Claim - Policy and Failure to Train Liability)

59.     Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 58 of this Complaint.

60.     Defendants Bradley Mason and County of McKean deprived minor Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First and

Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

    61.    Said rights, privileges and immunities include:

        (a)    the right to familial companionship and association with her father;

        (b)    the right to familial guidance and support from her father;

        (c)    the right to due process of law; and

        (d)    the right to be free from a conspiracy to violate civil rights, including access to the courts.

    62.    At all times relevant to the matters set forth in this Complaint, Defendant Bradley Mason, as Warden of the McKean County Prison, was responsible for and had the authority to establish, implement, supervise and monitor policies and procedures with regard to the operation of the McKean County Prison, including policies and procedures with regard to monitoring inmates at risk for suicide, the conducting of cell and inmate checks during the night-time hours and the training and disciplining of correctional staff.

    63.    The actions of individual Defendants resulted from and were taken pursuant to a policy, practice and/or custom of Defendant County of McKean, which policy, practice and/or custom is implemented by the aforesaid named individual Defendants to deliberately disregard and/or remain indifferent to the serious medical needs, including psychological and psychiatric needs of inmates; to inadequately monitor inmates for potential suicides; to ignore suicide attempts; to fail to conduct regular, timely cell checks during night-time hours; to detain vulnerable inmates in cells with one or more potential suicide apparatus; and to fail to provide CPR when medically indicated, all of which was undertaken in spite of knowledge of Decedent's mental illness, including suicidal ideation.

-12-

64. Further, the actions of Defendants resulted from and were taken pursuant to a policy, practice and/or custom of Defendant County of McKean to inadequately and/or improperly train, supervise or discipline its employees to such an extent that the aforesaid conduct, including the conduct set forth in Paragraph 63 above, is inevitable and approved.

65. The existence of the policy, practice and/or custom described above in Paragraph 63 and been known to supervisors and/or policy making officers and officials of Defendant County of McKean for a substantial period of time.

66. In spite of their knowledge of the said illegal policies, practices and/or customs, the supervisory and/or policy-making officers and officials of Defendant County of McKean, as a matter of policy have not taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individuals who engage in said practices, have not effectively trained its employees with regard to the proper Constitutional and statutory requirements in the exercise of their authority and responsibilities, and have instead sanctioned the policies and practices described above in Paragraph 63 through their active encouragement or deliberate indifference to the effect of said policies and practices and/or customs upon the Constitutional rights of minor Plaintiff and others.

67. Defendants Bradley Mason and County of McKean have failed to properly and adequately train, supervise and/or discipline their correctional staff with regard to detecting inmates susceptible to suicide; recognizing verbal and behavioral clues that indicate suicidal ideation; detecting the needs of inmates susceptible to suicide; preventing suicides by inmates; providing regular and increased security observation rounds for high-risk and/or vulnerable inmates; removing any potential suicide apparatus from the cells of vulnerable inmates; housing

vulnerable inmates in cells with a potential suicide apparatus, viz., a bunk bed; and providing emergency life support with appropriate techniques and procedures.

68.     The failure of Defendants Bradley Mason and County of McKean to adequate and properly train, supervise and/or discipline correctional staff amounts to gross negligence and deliberate and conscious indifference to the rights of minor Plaintiff as well as to the rights, safety and lives of others.

69.     The policies and practices described above in Paragraphs 63 and the failure to train, supervise and/or discipline as described above in Paragraph 67 were the moving force behind the violations of minor Plaintiff's rights as described aforesaid.

70.     By reason of the conduct of Defendants, Defendants Bradley Mason and County of McKean are liable in damages for the violation of minor Plaintiff's Constitutional rights and for the injuries and damages are more particularly described Paragraph 51 above.

WHEREFORE, by reason of Defendants Bradley Mason and County of McKean's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason and County of McKean for compensatory damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## FOURTH COUNT

### CHIMAIRA E. FARGO, A MINOR, BY HER NEXT FRIEND, LINDA G. HEARST, PLAINTIFF
### VS.
### BRADLEY MASON; JOHN DOE NO. 1 OF THE McKEAN COUNTY PRISON; JOHN DOE NO. 2 OF THE McKEAN COUNTY PRISON; JOHN DOE NO. 3 OF THE McKEAN COUNTY PRISON; AND JOHN DOE NO. 4 OF THE McKEAN COUNTY PRISON, DEFENDANTS
### (§1983 Constitutional Claims - Individual Liability)

71.     Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 70 of this Complaint.

72.     Minor Plaintiff Chimaira E. Fargo is the daughter of Decedent, having been born on December 26, 2007.

73.     Minor Plaintiff and Decedent had a close and loving relationship.

74.     During his incarceration, Decedent had requested contact visits with minor Plaintiff and his other children but said request was refused by Defendants.

75.     As a result of the conduct of Defendants as described aforesaid, minor Plaintiff's father died on December 9, 2009, in the McKean County Prison.

76.     As a result of the conduct of Defendants as described aforesaid, the parental relationship between minor Plaintiff and Decedent has been extinguished.

77.     Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 deprived minor Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

78.    Said rights, privileges and immunities include:

    (a)    the right to familial companionship and association with her father;

    (b)    the right to familial guidance and support from her father;

    (c)    the right to due process of law; and

    (d)    the right to be free from a conspiracy to violate civil rights, including access to the courts.

79.    The conduct of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 violated clearly established substantive constitutional and statutory rights of minor Plaintiff, which rights a reasonable person would have known.

80.    As a foreseeable and direct result of the actions of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 as described aforesaid, Plaintiff suffered injuries including the total destruction of her parental relationship with her father; the loss of society, companionship, guidance and support of her father; and other emotional trauma and suffering.  Plaintiff suffered the violation of her constitutional rights as described in Paragraph 78 above.

81.    All of the above actions by Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 were arbitrary, capricious, irrational, reckless, wanton, malicious, without justification and outrageous, and they reflected a conscious and deliberate indifference to the rights of minor Plaintiff.  Said actions shock the conscience.

WHEREFORE, by reason of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 for compensatory and punitive damages, together with the costs and disbursements of

this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## FIFTH COUNT

### CHIMAIRA E. FARGO, A MINOR, BY HER NEXT FRIEND, LINDA G. HEARST, PLAINTIFF VS. BRADLEY MASON AND JOHN DOE NO. 4 OF THE McKEAN COUNTY PRISON, DEFENDANTS (§1983 Constitutional Claim - Supervisory Liability)

82.     Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 81 of this Complaint.

83.     At all times relevant to the matters set forth in this Complaint, Defendants Bradley Mason and John Doe No. 4 had authority over McKean County Prison personnel, including John Doe No. 1, John Doe No. 2 and John Doe No. 3, were aware of the actions of John Doe No. 1, John Doe No. 2 and John Doe No. 3 as described aforesaid, acquiesced in said actions, ratified said actions and/or were deliberately indifferent to the unconstitutional conduct of said other individual Defendants, and failed to intervene to prevent the occurrence of the unconstitutional actions described aforesaid.

84.     Defendants Bradley Mason and John Doe No. 4 deprived minor Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

85.     Said rights, privileges and immunities include:

        (a)     the right to familial companionship and association with her father;

        (b)     the right to familial guidance and support from her father;

-17-

      (c)     the right to due process of law; and

      (d)     the right to be free from a conspiracy to violate civil rights, including access to the courts.

86.    The actions of Defendants Bradley Mason and John Doe No. 4 as described above were a moving force behind the violations of minor Plaintiff's constitutional rights as described above.

87.    By reason of the conduct of Defendants Bradley Mason and John Doe No. 4, Plaintiff is entitled to damages for the violation of her constitutional rights and for the injuries and damages more particularly described in Paragraph 80 above.

WHEREFORE, by reason of Defendants Bradley Mason and John Doe No. 4's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason and John Doe No. 4 for compensatory and punitive damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## SIXTH COUNT

### CHIMAIRA E. FARGO, A MINOR, BY HER NEXT FRIEND, LINDA G. HEARST, PLAINTIFF
### VS.
### BRADLEY MASON AND COUNTY OF McKEAN, DEFENDANTS
**(§1983 Constitutional Claim - Policy and Failure to Train Liability)**

88.    Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 87 of this Complaint.

89.    Defendants Bradley Mason and County of McKean deprived minor Plaintiff of the rights, privileges and immunities secured to her by 42 U.S.C. §1983 and by the First and

Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

90.　　Said rights, privileges and immunities include:

      (a)　　the right to familial companionship and association with her father;

      (b)　　the right to familial guidance and support from her father;

      (c)　　the right to due process of law; and

      (d)　　the right to be free from a conspiracy to violate civil rights, including access to the courts.

91.　　At all times relevant to the matters set forth in this Complaint, Defendant Bradley Mason, as Warden of the McKean County Prison, was responsible for and had the authority to establish, implement, supervise and monitor policies and procedures with regard to the operation of the McKean County Prison, including policies and procedures with regard to monitoring inmates at risk for suicide, the conducting of cell and inmate checks during the night-time hours and the training and disciplining of correctional staff.

92.　　The actions of individual Defendants resulted from and were taken pursuant to a policy, practice and/or custom of Defendant County of McKean, which policy, practice and/or custom is implemented by the aforesaid named individual Defendants to deliberately disregard and/or remain indifferent to the serious medical needs, including psychological and psychiatric needs of inmates; to inadequately monitor inmates for potential suicides; to ignore suicide attempts; to fail to conduct regular, timely cell checks during night-time hours; to detain vulnerable inmates in cells with one or more potential suicide apparatus; and to fail to provide CPR when medically indicated, all of which was undertaken in spite of knowledge of Decedent's mental illness, including suicidal ideation.

93.     Further, the actions of Defendants resulted from and were taken pursuant to a policy, practice and/or custom of Defendant County of McKean to inadequately and/or improperly train, supervise or discipline its employees to such an extent that the aforesaid conduct, including the conduct set forth in Paragraph 92 above, is inevitable and approved.

94.     The existence of the policy, practice and/or custom described above in Paragraph 92 and been known to supervisors and/or policy making officers and officials of Defendant County of McKean for a substantial period of time.

95.     In spite of their knowledge of the said illegal policies, practices and/or customs, the supervisory and/or policy-making officers and officials of Defendant County of McKean, as a matter of policy have not taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individuals who engage in said practices, have not effectively trained its employees with regard to the proper Constitutional and statutory requirements in the exercise of their authority and responsibilities, and have instead sanctioned the policies and practices described above in Paragraph 92 through their active encouragement or deliberate indifference to the effect of said policies and practices and/or customs upon the Constitutional rights of minor Plaintiff and others.

96.     Defendants Bradley Mason and County of McKean have failed to properly and adequately train, supervise and/or discipline their correctional staff with regard to detecting inmates susceptible to suicide; recognizing verbal and behavioral clues that indicate suicidal ideation; detecting the needs of inmates susceptible to suicide; preventing suicides by inmates; providing regular and increased security observation rounds for high-risk and/or vulnerable inmates; removing any potential suicide apparatus from the cells of vulnerable inmates; housing

vulnerable inmates in cells with a potential suicide apparatus, viz., a bunk bed; and providing emergency life support with appropriate techniques and procedures.

97. The failure of Defendants Bradley Mason and County of McKean to adequate and properly train, supervise and/or discipline correctional staff amounts to gross negligence and deliberate and conscious indifference to the rights of minor Plaintiff as well as to the rights, safety and lives of others.

98. The policies and practices described above in Paragraphs 92 and the failure to train, supervise and/or discipline as described above in Paragraph 96 were the moving force behind the violations of minor Plaintiff's rights as described aforesaid.

99. By reason of the conduct of Defendants, Defendants Bradley Mason and County of McKean are liable in damages for the violation of minor Plaintiff's Constitutional rights and for the injuries and damages are more particularly described in the First Count of this Complaint.

WHEREFORE, by reason of Defendants Bradley Mason and County of McKean's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason and County of McKean for compensatory damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## SEVENTH COUNT

### ROBERT WILLIAM HURST, VI, A MINOR, BY HIS NEXT FRIEND, LINDA G. HEARST, PLAINTIFF
### VS.
### BRADLEY MASON; JOHN DOE NO. 1 OF THE McKEAN COUNTY PRISON; JOHN DOE NO. 2 OF THE McKEAN COUNTY PRISON; AND JOHN DOE NO. 3 OF THE McKEAN COUNTY PRISON, DEFENDANTS
### (§1983 Constitutional Claim - Individual Liability)

100. Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 99 of this Complaint.

101. Minor Plaintiff Robert William Hurst, VI, is the son of Decedent, having been born on September 24, 2009.

102. Minor Plaintiff and Decedent had a close and loving relationship with minor Plaintiff.

103. During his incarceration, Decedent had requested contact visits with minor Plaintiff and his other children but said request was refused by Defendants.

104. As a result of the conduct of Defendants as described aforesaid, minor Plaintiff's father died on December 9, 2009, in the McKean County Prison.

105. As a result of the conduct of Defendants as described aforesaid, the parental relationship between minor Plaintiff and Decedent has been extinguished.

106. Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 deprived minor Plaintiff of the rights, privileges and immunities secured to him by 42 U.S.C. §1983 and by the First and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

107.    Said rights, privileges and immunities include:

    (a)    the right to familial companionship and association with his father;

    (b)    the right to familial guidance and support from his father;

    (c)    the right to due process of law; and

    (d)    the right to be free from a conspiracy to violate civil rights, including access to the courts.

108.    The conduct of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 violated clearly established substantive constitutional and statutory rights of minor Plaintiff, which rights a reasonable person would have known.

109.    As a foreseeable and direct result of the actions of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 as described aforesaid, Plaintiff suffered injuries including the total destruction of his parental relationship with his father; the loss of society, companionship, guidance and support of his father; and other emotional trauma and suffering.  Plaintiff suffered the violation of his constitutional rights as described in Paragraph 107 above.

110.    All of the above actions by Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 were arbitrary, capricious, irrational, reckless, wanton, malicious, without justification and outrageous, and they reflected a conscious and deliberate indifference to the rights of minor Plaintiff.  Said actions shock the conscience.

WHEREFORE, by reason of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 for compensatory and punitive damages, together with the costs and disbursements of

this action, as well as his attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## EIGHTH COUNT

### ROBERT WILLIAM HEARST, VI, A MINOR, BY HIS NEXT FRIEND, LINDA G. HEARST, PLAINTIFF VS. BRADLEY MASON AND JOHN DOE NO. 4 OF THE McKEAN COUNTY PRISON, DEFENDANTS
(§1983 Constitutional Claim - Supervisory Liability)

111.    Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 110 of this Complaint.

112.    At all times relevant to the matters set forth in this Complaint, Defendants Bradley Mason and John Doe No. 4 had authority over McKean County Prison personnel, including John Doe No. 1, John Doe No. 2 and John Doe No. 3, were aware of the actions of John Doe No. 1, John Doe No. 2 and John Doe No. 3 as described aforesaid, acquiesced in said actions, ratified said actions and/or were deliberately indifferent to the unconstitutional conduct of said other individual Defendants, and failed to intervene to prevent the occurrence of the unconstitutional actions described aforesaid.

113.    Defendants Bradley Mason and John Doe No. 4 deprived minor Plaintiff of the rights, privileges and immunities secured to him by 42 U.S.C. §1983 and by the First and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

114.    Said rights, privileges and immunities include:

      (a)    the right to familial companionship and association with his father;

      (b)    the right to familial guidance and support from his father;

(c)    the right to due process of law; and

(d)    the right to be free from a conspiracy to violate civil rights, including access to the courts.

115.    The actions of Defendants Bradley Mason and John Doe No. 4 as described above were a moving force behind the violations of minor Plaintiff's constitutional rights as described above.

116.    By reason of the conduct of Defendants Bradley Mason and John Doe No. 4, Plaintiff is entitled to damages for the violation of his constitutional rights and for the injuries and damages more particularly described in Paragraph 109 above.

WHEREFORE, by reason of Defendants Bradley Mason and John Doe No. 4's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason and John Doe No. 4 for compensatory and punitive damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## NINTH COUNT

### ROBERT WILLIAM HEARST, VI, A MINOR, BY HIS NEXT FRIEND, LINDA G. HEARST, PLAINTIFF
### VS.
### BRADLEY MASON AND COUNTY OF McKEAN, DEFENDANTS
### (§1983 Constitutional Claim - Policy and Failure to Train Liability)

117.    Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 116 of this Complaint.

118.    Defendants Bradley Mason and County of McKean deprived minor Plaintiff of the rights, privileges and immunities secured to him by 42 U.S.C. §1983 and by the First and

Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.

    119.    Said rights, privileges and immunities include:

        (a)    the right to familial companionship and association with his father;

        (b)    the right to familial guidance and support from his father;

        (c)    the right to due process of law; and

        (d)    the right to be free from a conspiracy to violate civil rights, including access to the courts.

    120.    At all times relevant to the matters set forth in this Complaint, Defendant Bradley Mason, as Warden of the McKean County Prison, was responsible for and had the authority to establish, implement, supervise and monitor policies and procedures with regard to the operation of the McKean County Prison, including policies and procedures with regard to monitoring inmates at risk for suicide, the conducting of cell and inmate checks during the night-time hours and the training and disciplining of correctional staff.

    121.    The actions of individual Defendants resulted from and were taken pursuant to a policy, practice and/or custom of Defendant County of McKean, which policy, practice and/or custom is implemented by the aforesaid named individual Defendants to deliberately disregard and/or remain indifferent to the serious medical needs, including psychological and psychiatric needs of inmates; to inadequately monitor inmates for potential suicides; to ignore suicide attempts; to fail to conduct regular, timely cell checks during night-time hours; to detain vulnerable inmates in cells with one or more potential suicide apparatus; and to fail to provide CPR when medically indicated, all of which was undertaken in spite of knowledge of Decedent's mental illness, including suicidal ideation.

122. Further, the actions of Defendants resulted from and were taken pursuant to a policy, practice and/or custom of Defendant County of McKean to inadequately and/or improperly train, supervise or discipline its employees to such an extent that the aforesaid conduct, including the conduct set forth in Paragraph 121 above, is inevitable and approved.

123. The existence of the policy, practice and/or custom described above in Paragraph 121 and been known to supervisors and/or policy making officers and officials of Defendant County of McKean for a substantial period of time.

124. In spite of their knowledge of the said illegal policies, practices and/or customs, the supervisory and/or policy-making officers and officials of Defendant County of McKean, as a matter of policy have not taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individuals who engage in said practices, have not effectively trained its employees with regard to the proper Constitutional and statutory requirements in the exercise of their authority and responsibilities, and have instead sanctioned the policies and practices described above in Paragraph 121 through their active encouragement or deliberate indifference to the effect of said policies and practices and/or customs upon the Constitutional rights of minor Plaintiff and others.

125. Defendants Bradley Mason and County of McKean have failed to properly and adequately train, supervise and/or discipline their correctional staff with regard to detecting inmates susceptible to suicide; recognizing verbal and behavioral clues that indicate suicidal ideation; detecting the needs of inmates susceptible to suicide; preventing suicides by inmates; providing regular and increased security observation rounds for high-risk and/or vulnerable inmates; removing any potential suicide apparatus from the cells of vulnerable inmates; housing

vulnerable inmates in cells with a potential suicide apparatus, viz., a bunk bed, and providing emergency life support with appropriate techniques and procedures.

126.    The failure of Defendants Bradley Mason and County of McKean to adequate and properly train, supervise and/or discipline correctional staff amounts to gross negligence and deliberate and conscious indifference to the rights of minor Plaintiff as well as to the rights, safety and lives of others.

127.    The policies and practices described above in Paragraph 121 and the failure to train, supervise and/or discipline as described above in Paragraph 125 were the moving force behind the violations of minor Plaintiff's rights as described aforesaid.

128.    By reason of the conduct of Defendants, Defendants Bradley Mason and County of McKean are liable in damages for the violation of minor Plaintiff's Constitutional rights and for the injuries and damages are more particularly described in the First Count of this Complaint.

WHEREFORE, by reason of Defendants Bradley Mason and County of McKean's unconstitutional acts, minor Plaintiff requests judgment against Defendants Bradley Mason and County of McKean for compensatory damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

## TENTH COUNT

### LINDA G. HURST, ADMINISTRATRIX OF
### THE ESTATE OF ROBERT W. HEARST, V, DECEASED
### PLAINTIFF
### VS.
### BRADLEY MASON; JOHN DOE NO. 1 OF THE McKEAN COUNTY PRISON;
### JOHN DOE NO. 2 OF THE McKEAN COUNTY PRISON; JOHN DOE NO. 3 OF THE
### McKEAN COUNTY PRISON; JOHN DOE NO. 4 OF THE McKEAN COUNTY PRISON;
### AND COUNTY OF McKEAN, DEFENDANTS
**(Wrongful Death Action - §1983 Constitutional Claims)**

129.    Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1 through 128 of this Complaint.

130.    The death of Decedent resulted from an egregious failure by Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3, John Doe No. 4 and County of McKean to protect Decedent from a known threat to his life and safety as set forth aforesaid.

131.    All of the above actions by the aforesaid Defendants reflected gross negligence and conscious and deliberate indifference to the needs and safety of Decedent.

132.    Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3, John Doe No. 4 and County of McKean deprived Decedent of the rights, privileges and immunities secured to him by 42 U.S.C. §1983 and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as the rights, privileges and immunities secured by the Pennsylvania Constitution.  Said rights, privileges and immunities include:

    (a)    The right to be free from deliberate indifference to a prisoner's safety and psychological needs;

    (b)    The right to safe confinement;

    (c)    The right to be free from cruel and unusual punishment;

    (d)    The right to familial association;

(e)     The right to due process of law;

(f)     The right to life and liberty; and

(g)     The right to be free from a conspiracy to violate civil rights.

133.     The conduct of the aforesaid Defendants violated clearly established substantive Constitutional and statutory rights of Decedent, which rights a reasonable person would have known.

134.     As a result of the conduct of the aforesaid Defendants, Decedent died in his cell at the McKean County Prison on December 9, 2009.

135.     Plaintiff brings this action by virtue of 42 Pa.C.S.A. §8301 and Pa.R.C.P. 2202 to recover all damages of whatsoever nature to which Plaintiff is entitled under the laws of Pennsylvania governing wrongful death actions, as well as under the applicable Federal law.

136.     Decedent, who was twenty (20) years of age, left surviving him the following persons on whose behalf this action is brought:

(a)     Adrianne N. Hearst, Daughter

(b)     Chimaira E. Fargo, Daughter

(c)     Robert W. Hearst, VI, Son

137.     Decedent did not bring an action for his personal injuries during his lifetime, and no other claim for the death of Decedent has been commenced against Defendants.

138.     As a result of the death of Decedent, his heirs have suffered pecuniary loss by reason of the funeral bills and other items connected with his death.

139.     As a result of the death of Decedent, his heirs have been deprived of his earnings, support, companionship, services, society and comfort.

140.    As a further result of the death of Decedent, Defendants Bradley Mason, John

Doe No. 1, John Doe No. 2, John Doe No. 3, John Doe No. 4 and County of McKean are liable

for damages for the violation of Decedent's Constitutional rights.

141.    The conduct of the aforesaid Defendants was grossly negligent, recklessly

indifferent, willful, deliberate, malicious and outrageous.

WHEREFORE, by reason of Defendants' unconstitutional acts, Plaintiff requests

judgment against Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3

and John Doe No. 4 for compensatory and punitive damages, and judgment against Defendant

County of McKean for compensatory damages, together with the costs and disbursements of this

action, as well as her attorneys fees, and such other relief as appears reasonable and just, and

demands a trial by jury.

### ELEVENTH COUNT

### LINDA G. HURST, ADMINISTRATRIX OF
### THE ESTATE OF ROBERT W. HEARST, V, DECEASED
### PLAINTIFF
### VS.
### BRADLEY MASON; JOHN DOE NO. 1 OF THE McKEAN COUNTY PRISON;
### JOHN DOE NO. 2 OF THE McKEAN COUNTY PRISON; JOHN DOE NO. 3 OF THE
### McKEAN COUNTY PRISON; JOHN DOE NO. 4 OF THE McKEAN COUNTY PRISON;
### AND COUNTY OF McKEAN, DEFENDANTS
**(Survival Action - §1983 Constitutional Claims)**

142.    Plaintiff incorporates by reference and makes a part of this Count Paragraphs 1

through 141 of this Complaint.

143.    Plaintiff also brings this action on behalf of the Estate of Robert W. Hearst, V,

Deceased, under and by virtue of 20 Pa.C.S.A. §3373 and 42 Pa.C.S.A. §8302, to recover all

damages of whatsoever nature to which said Estate is entitled under the laws of Pennsylvania governing survival actions, as well as under the applicable Federal law.

144.     As a result of the injuries and death of Decedent, Decedent endured pain and suffering, his earning capacity was destroyed, and he suffered violation of his Constitutional rights.

145.     Further, Decedent suffered the loss of life and the loss of life's pleasures.

146.     The conduct of Defendants Bradley Mason, John Doe No. 1, John Doe No. 2, John Doe No. 3, John Doe No. 4 and County of McKean was grossly negligent, recklessly indifferent, willful, deliberate, malicious and outrageous.

WHEREFORE, by reason of Defendants' unconstitutional acts, Plaintiff requests judgment against Defendants Bradley Mason, John Doe No.1, John Doe No. 2, John Doe No. 3 and John Doe No. 4 for compensatory and punitive damages, and judgment against Defendant County of McKean for compensatory damages, together with the costs and disbursements of this action, as well as her attorneys fees, and such other relief as appears reasonable and just, and demands a trial by jury.

**A JURY TRIAL IS DEMANDED.**

ROSEN LOUIK & PERRY, P.C.

By _____
Michael Louik, Esquire
Pa. I.D. #00788
Suite 200, The Frick Building
437 Grant Street
Pittsburgh, PA  15219
(412) 281-4200

Attorneys For Plaintiffs

-32-